**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHNNY R. CORDREY, # N-81774,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00104-JPG** |
| | ) | |
| **MICHAEL P. ATCHISON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**GILBERT, District Judge:**

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 3).  Plaintiff, an inmate at Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case.  *See* 28 U.S.C. § 1914(a).  Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Plaintiff's affidavit is deficient because it is neither signed nor notarized, providing no certification of the accuracy or truth of its contents.

Plaintiff's IFP motion also fails on its merits.  According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment.  *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Cordrey v. Washington, et al*, Case No. 96-cv-2780 (N.D. Ill., dismissed December 15, 1997); *Cordrey v. Washington, et al*, Case No. 97-cv-50091 (N.D. Ill., dismissed April 2, 1997); *Cordrey v. Edgar, et al*, 98-cv-1389 (C.D. Ill., December 6, 1999); *Cordrey, et al v. Snyder, et al*, Case No. 99-cv-4458 (N.D. Ill., dismissed July 27, 1999); *Cordrey v. Amdor, et al*, Case No. 00-cv-1137 (C.D. Ill., dismissed June 6, 2000); *Cordrey v. Snyder, et al*, 03-500 (S.D. Ill., dismissed February 28, 2005); and *Cordrey v. Walker, et al*, 05-cv-395 (S.D. Ill., dismissed December 15, 2006).  Because Plaintiff has accumulated well over three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has failed to satisfy this requirement.  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  In general, courts "deny leave to proceed IFP when a prisoner's claims of

imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff claims that he was harassed and threatened by several correctional officers in Menard's south cell block on June 5, 2012 (Doc. 1, p. 15). One of these correctional officers made fun of Plaintiff's long hair. Another, Defendant Maui, questioned Plaintiff's sexuality and threatened to "slam" him. When Plaintiff filed an emergency grievance to address Defendant Maui's threat, internal affairs transferred him from Menard's south cell block into investigatory segregation (Doc. 1, p. 16). The cell was hot, and Plaintiff's property was damaged. Upon his release from investigatory segregation, Plaintiff refused to move to Menard's north cell block because Defendant Maui's relative worked there. As a result, Plaintiff returned to segregation. When he later refused to move back to Menard's south cell block, he was placed in segregation, demoted to C-grade, and temporarily denied commissary (Doc. 1, p. 17). On January 7, 2013, Plaintiff again refused a transfer to Menard's south cell block. He was placed in segregation for one month. He is scheduled to be released on parole in April 2013. Until then, Plaintiff requests a transfer to 7 Gallery – North House.

Most of Plaintiff's allegations focus on past injuries, which do not meet the exception to the three strikes rule. These injuries include past comments about his hair, comments about his sexuality, damage to his property, and the temperature of his cell. None of these alleged injuries demonstrate that he is under imminent danger of physical injury.

Defendant Maui's threat to "slam" Plaintiff also does not demonstrate imminent danger under the circumstances.  Plaintiff was removed from Menard's south cell block soon after the threat, and he has not returned.  Plaintiff has successfully avoided Defendant Maui, and even his family members, by refusing to transfer to any cell block where they work.  While Plaintiff's refusal to move results in his placement in segregation, Plaintiff has not asserted that the conditions of segregation place him in imminent danger.  Furthermore, Plaintiff cannot expect to choose his own housing.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case.  Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 3) is **DENIED**.  It is **further ORDERED** that Plaintiff shall pay the full filing fee of $350.00 for this action on or before **March 21, 2013**.  If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**
**DATED:  February 28, 2013**

s/J. Phil Gilbert
**United States District Judge**

4